UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                     Criminal Case No. 19-20639
                                     Honorable Linda V. Parker

YOGESH K. PANCHOLI,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR EXPEDITED MODIFICATION OF BOND CONDITIONS (ECF NO. 42)

On September 24, 2019, a grand jury issued an Indictment charging Defendant with one count of conspiracy to commit health care fraud and wire fraud, one count of health care fraud, and one count of money laundering. (ECF No. 1.) Defendant was released on a $10,000 unsecured bond with limited restrictions which included location monitoring and a prohibition from billing or causing to bill directly or indirectly Medicare, Medicaid, or any other federal healthcare program. (ECF Nos. 12, 13.) The parties subsequently stipulated to the removal of the electronic monitoring condition. (ECF No. 22.) On August 30, 2022, a Superseding Indictment was filed adding two charges of aggravated

identity theft and one count of witness tampering against Defendant. (ECF No. 38.)

The latter count arose from an email sent on February 16, 2022, from nationalhomecare@protonmail.com, to five United States consulates in India. The author of the email reported that a witness in this case, who recently had returned to India, committed "[i]mmigration/[v]isa fraud" and that her United States visa should not be renewed. Based on its investigation, the Government alleges that Defendant sent the email in an attempt to hinder or prevent this witness from testifying against him.

At Defendant's arraignment on the Superseding Indictment on September 2, 2022, the magistrate judge continued his $10,000 secured bond, reinstated location monitoring, continued the previous conditions of bond, and added as a special condition, among others: "[r]emove all internet capable devices in home, no further internet capable devices in home; no internet in home, no internet usage at all[.]" (ECF No. 41.) Defendant now seeks to modify this latter condition in a motion filed September 22. (ECF No. 42.) The Government filed a response to the motion on September 26 (ECF No. 48), and the Court held a motion hearing on September 27.

A person ordered released by a magistrate judge may file a motion for amendment of the release conditions. 18 U.S.C. § 3145(a)(2). District judges

review a magistrate judge's pretrial order under a de novo standard. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013); *United States v. Williams*, 948 F. Supp. 692, 693 (E.D. Mich. 1996). Under the Bail Reform Act, a defendant's release pending trial is made "subject to the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(B).

The Court appreciates the imposition placed on Defendant by the no internet usage restriction, including his ability to perform his work and review materials remotely with defense counsel. However, if the allegations in the Superseding Indictment are true, as well as the other allegations made by the Government in its response brief regarding Defendant's improper use of email, the restrictions on *his* internet use are understandable and he has forfeited his freedom to access the internet pending trial in this matter.

Nevertheless, the interests to be served by such a restriction must be balanced against the needs of Defendant's family members. The internet restrictions placed on Defendant have proven to impose a severe hardship on them, particularly his two minor children who depend extensively on the internet to access and complete schoolwork. These concerns must be balanced against the reality that prohibiting internet capable devices in Defendant's home will not deter

3

Defendant from accessing and using the internet or sending improper communications if he is intent on doing so.

For these reasons, the Court finds that the internet restriction is not the least restrictive condition to meet the goals of the Bail Reform Act.

Accordingly, the Court is granting in part and denying in part Defendant's motion to modify the bond conditions. The previous conditions shall remain in effect, except the no internet condition is amended as follows:

A dynamic router may be installed in Defendant's home to be used by any household member, <u>except</u> Defendant. The router username and password must be provided to Pretrial Services as directed. Defendant may not use the internet at all, whether at home, work, or elsewhere.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 30, 2022