UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal Case No. 19-20639
    Honorable Linda V. Parker

YOGESH K. PANCHOLI,

    Defendant.
_____/

# OPINION AND ORDER

Defendant currently stands charged by way of a Superseding Indictment with one count of conspiracy to commit health care fraud and wire fraud, one count of health care fraud, one count of money laundering, two counts of aggravated identity theft, and one count of witness tampering. (ECF No. 38.) A jury trial is scheduled for January 12, 2023. The matter is presently before the Court on the Government's motion in limine in which it seeks to preclude the introduction of thirteen categories of evidence at trial. (ECF No. 54.) The motion has been fully briefed. (ECF Nos. 57, 58.)

The Local Rules for the Eastern District of Michigan require a party to seek concurrence prior to filing a motion. E.D. Mich. LR 7.1(a); *see also* E.D. Mich. LCrR 12.1 (requiring criminal motions to be filed in accordance with Local Civil

Rule 7.1). The purpose of the concurrence requirement is to determine if the subject matter of the contemplated motion can be resolved by stipulated order, thereby avoiding the expenditure of needless resources by the parties and the Court. Therefore, in seeking concurrence, the movant must explain with some specificity the nature of the motion or request and its legal basis. *See* E.D. Mich. LR 7.1(a)(2)(A).

In this case, the United States indicates that it complied with the concurrence requirement in Local Rule 7.1 prior to filing the motion; however, Defendant did not concur in the relief sought. (ECF No. 54 at Pg ID 293.) It is unclear whether the United States was insufficiently specific as to the relief being sought when seeking concurrence or whether Defendant insufficiently reviewed what was sought when denying concurrence. Regardless of which party is to blame, Defendant's response to the motion reflects that the motion was unnecessarily filed with respect to all but one category of evidence that the Government asks the Court to exclude.

In its motion, the Government seeks to preclude Defendant from introducing or making the following:

1. Evidence of any legitimate medical billings or legitimate services by Defendant;

2. Any argument blaming Medicare for his fraud;

3. Law enforcement interview reports or rough notes to impeach Government witnesses;

4. Any out of court statements by Defendant if offered to prove the truth of the matter asserted;

5. Testimony or argument regarding the immigration status of a witness;

6. The presence or absence of any particular person on the Government's witness list or the Government's plans or decisions to call or not call a particular witness;

7. Discovery disputes, including the timing of the production of records to the Government by witnesses;

8. Argument encouraging jurors to ignore the law, not follow the Court's instructions, or to otherwise violate their oaths as jurors;

9. Plea negotiations, plea offers, or Defendant's rejection of a plea offer;

10. Potential punishment or any other consequences that might result from conviction;

11. Defense counsel's personal opinion of, or relationship with, Defendant;

12. Which other persons have, or have not, been charged in this or other cases; and

13. Suggesting or accusing the prosecutor or agents of engaging in misconduct.

(*See generally* ECF No. 54.)  In response, Defendant indicates:

a) He has no intent to offer some of the evidence the Government seeks to preclude (i.e., items 1 and 2);

b) He only seeks to use law enforcement interview reports and notes (item 3) in the manner which the Government acknowledges is proper (i.e., where the witness has seen, reviewed, and adopted the report or note), *see Goldberg v. United State*s, 425 U.S. 94, 110 n. 19 (1976);

3

   c) Defense counsel fully intends to comply with the Federal Rules of Evidence and the law, and a motion in limine is an improper vehicle to obtain a warning to opposing counsel of such obligations, as sought in items 4 (hearsay), 8 (jury nullification), 9 (compromise offers and negotiations), 10 (punishment/consequences), 11 (counsel's personal opinions of and relationship with Defendant), 12 (uncharged actors), and 13 (Government misconduct);

   d) A ruling regarding missing witnesses (item 6) is premature as it is not yet known who will not testify and case law allows for a missing witness inference argument *if* two requirements are met: (1) "the uncalled witnesses are peculiarly within the control or power of [the] party" and (2) "their testimony would 'elucidate the transaction.'" *United States v. Blakemore*, 489 F.2d 193, 195 (6th Cir. 1973); and,

   e) Evidence concerning the immigration status of Sai Pagudala (item 5) is highly relevant and admissible.

(*See generally* ECF No. 57.) Defendant's response reflects that, if the concurrence requirement of Local Rule 7.1 had functioned as intended, it would have been evident that the relief requested by the Government was moot, unnecessary, or premature as to all items except the exclusion of evidence concerning Sai Pagudala's immigration status. The Court, therefore, addresses only that evidence.

     Defendant asserts that Sai Pagudala is the Government's "star witness" and her immigration status is relevant and not otherwise inadmissible. (ECF No. 57 at Pg ID 321.) In the Superseding Indictment, the Government asserts that Defendant committed healthcare fraud and wire fraud through Shring Home Care, Inc., in order to conceal his involvement given his ineligibility to participate in Medicare since May 2017. The Government alleges that Defendant used the names and

identities of other individuals, including Ms. Pagudala, to conceal his interest in Shring. Ms. Pagudala also is the witness who is the subject of the witness tampering charge against Defendant. According to the Superseding Indictment, after Ms. Pagudala returned to India, her native country, to obtain a renewal of her U.S. H-1B visa, Defendant contacted five United States consulates in India, alleging that Ms. Pagudala had engaged in "immigration/visa fraud" and that her visa should not be renewed.

Defendant maintains that Ms. Pagudala is denying her ownership and control of Shring because such ownership violates immigration rules and regulations applicable to her due to her immigration status. The Government maintains in response that Ms. "Pagudala's immigration status holds simply no bearing on the charges brought in this case, which allege crimes . . . entirely untethered from questions of *Ms. Pagudala's* immigration status." (ECF No. 58 at Pg ID 330 (emphasis in original).) Specifically as to the witness tampering charge, the Government argues that whether or not Defendant's assertions regarding Ms. Pagudala's immigration status are true, this does not impact Defendant's alleged attempt to use that information to influence, delay, or prevent her from testifying. The Government also argues that "Defendant's present accusation that Ms. Pagudala was present in the United State illegally is highly prejudicial and inflammatory." (*Id*. (citing *Sanchez v. Davis*, 888 F.3d 746, 752 (5th Cir. 2018).)

As the Court understands, however, Defendant is asserting that Ms. Pagudala's immigration status precluded her from owning Shring and perhaps billing Medicare. Therefore, she has an incentive to deny her true ownership of the entity. Stated otherwise, she has a motive to testify falsely that Defendant owns and controls Shring. As such, Ms. Pagudala's immigration status appears highly relevant to the healthcare charge against Defendant. This case is distinguishable from *Sanchez*, where the prosecutor solicited testimony during the defendant's trial for murder that *the defendant* was not in the United States legally, where his legal status was wholly irrelevant to the charge against him. 888 F.3d at 749-50. Further, the probative value of the evidence concerning Ms. Pagudala's immigration status does not appear to be outweighed by any danger of prejudice.

Accordingly, the Court is denying the Government's request to preclude Defendant from presenting evidence concerning this witness's immigration status. The Government's remaining requests are denied as moot or without prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 21, 2022