UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                  Criminal Case No. 19-20639
v.                               Honorable Linda V. Parker

YOGESH K. PANCHOLI,

      Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant currently stands charged by way of a Superseding Indictment with one count of conspiracy to commit health care fraud and wire fraud, one count of health care fraud, one count of money laundering, two counts of aggravated identity theft, and one count of witness tampering. (ECF No. 38.) A jury trial is scheduled for January 12, 2023. In a July 15, 2022 decision, this Court granted a motion in limine filed by Defendant to preclude the Government from introducing evidence at trial concerning an agreement between Defendant, the United States, and the State of Michigan to settle a False Claims Act civil suit in 2017. (ECF No. 36.) The Court's ruling was based on Defendant's stipulation to the fact that he was excluded from participating in Medicare when the events leading to the

indictment occurred, and his agreement that the jurors will be informed of this stipulation via a statement or jury instruction. (*Id.*)

On November 18, after the Government proposed a jury instruction on this issue to Defendant and Defendant disagreed with the wording of the instruction, the Government filed a "Motion for Reconsideration" with respect to the Court's decision.[1] (ECF No. 59.) Defendant filed a response to the motion, arguing that the Government's proposed jury instruction "seeks to add a great deal more than the fact that [Defendant] was excluded from participation [in Medicare]." (ECF No. 62 ¶ 1.) The Court agrees. In direct contravention of the Court's ruling excluding evidence of the 2017 settlement agreement, the Government's proposed instruction refers several times to the agreement, including directly quoting its terms. (*See* ECF No. 59 at Pg ID 341-42.)

Therefore, the Court is **DENYING** the Government's motion for reconsideration. (ECF No. 59.) The Court proposes the following statement or instruction to be read to the jury:

> Defendant was voluntarily excluded from participating in the Medicare and Medicaid programs during a period that included the period stated in the Superseding Indictment (i.e., around July 2018 through December 2018). This means that Defendant and any

---

[1] The motion is very untimely if truly a motion for reconsideration, as such motions must be filed within fourteen days after entry of the order being challenged. *See* E.D. Mich. LR 7.1(h). The Court overlooks that defect, however, as it is denying relief.

2

individual or entity (including, for example, anyone employing or contracting with Defendant, and any hospital or other provider where Defendant provides services) was precluded from receiving payment from the Medicare or Medicaid program for items or services, including administrative management services, furnished, ordered, or prescribed by Defendant.

The Court will discuss the contents with the parties at the upcoming final pretrial conference.

    **IT IS SO ORDERED**.

                                      s/ Linda V. Parker
                                      LINDA V. PARKER
                                      U.S. DISTRICT JUDGE

Dated: December 6, 2022