UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                  Criminal Case No. 19-20639
v.                                          Honorable Linda V. Parker

YOGESH K. PANCHOLI,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO RESPOND TO THE MOTION

On September 5, this Court issued an opinion and order denying Defendant's motion to exclude emails received by various United States government agencies, including the Department of State, for lack of authentication. (ECF No. 81.) The Court concluded that the Government will be able to authenticate the e-mails through the testimony of State Department employee Erinn Fischer, who assertedly received and reviewed the emails and was involved in investigating the allegations in the emails. (*Id.* at PageID 520.) The Court further found that, through Fischer's attestation, the Government will be able to authenticate the emails under Federal Rule of Evidence 901(b)(9). (*Id.* at PageID 523.) The matter is now before the Court on Defendant's motion for reconsideration. (ECF No. 84.) The Government has sought leave to file a

response to the motion (ECF No. 86); however, the Court does not require a response to decide Defendant's motion.

Under Eastern District of Michigan Local Rule 7.1(h), "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." Defendant's motion fails to establish a ground to warrant reversal of the Court's decision.

Defendant's motion does not address Fischer's attestations but discusses a second U.S. State Department employee, Brenda Grewe. (*See generally* ECF No. 84.) Defendant argues that Grewe has no personal knowledge of the emails, was not directly involved in investigating the allegations within them, and attempts to offer an improper opinion as a lay witness. (*Id*. at PageID 553-54.) Defendant further argues that Grewe lacks personal knowledge about the State Department's records or record keeping process to satisfy the requirements of Rule 901(b)(9). (*Id.* at PageID 555.)

A glaring problem with Defendant's motion is that it does not address *Fischer's* attestations on which the Court's decision was based. Defendant fails to show that Fischer did not review the emails when they were received by the State Department. Nor does Defendant show that Fischer did not investigate the allegations in the emails or that she is insufficiently familiar with the State Department's electronic process or system for receiving and storing emails. Moreover, as the Court discussed in its decision, judges may make preliminary determinations as to authentication and admit evidence conditionally under Federal Rule of Evidence 104(b). (ECF No. 81 at PageID 517 (quoting *United States v. Puttick*, 288 F. App'x 242, 246 (6th Cir. 2008) (citing *United States v. Sliker*, 751 F.2d 477, 499-500 (2d Cir. 1984)).) Jurors are the final arbiters of whether evidence is actually authenticated. (*Id.*)

In short, Defendant fails to demonstrate that reconsideration is warranted. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (ECF No. 84) is **DENIED**;

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to

File (ECF No. 86) is **DENIED AS MOOT**.

                                                          s/ Linda V. Parker
                                                          LINDA V. PARKER
                                                          U.S. DISTRICT JUDGE

Dated: September 12, 2023

Case 2:19-cr-20639-LVP-EAS   ECF No. 87, PageID.567   Filed 09/12/23   Page 4 of 4

4