UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 19-cr-20639
        Honorable Linda V. Parker

YOGESH K. PANCHOLI,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR BOND PENDING APPEAL (ECF NOS. 133, 138)

On September 27, 2023, a jury found Defendant Yogesh Pancholi guilty of one count of conspiracy to commit health care fraud and wire fraud (Count 1), two counts of health care fraud (Counts 2 and 3), two counts of money laundering (Counts 4 and 5), two counts of aggravated identity theft (Counts 6 and 7), and one count of tampering with a witness, victim, or an informant (Count 8). (ECF No. 95.)  On January 30, 2024, the Court sentenced Pancholi to terms of imprisonment of 84 months on Counts 1 through 5 and 8, each, and 24 months on Counts 6 and 7, each. (ECF No. 123.)  The sentences on Counts 1 through 5 and 8 are to run concurrently.  The sentences on Counts 6 and 7 are to run concurrently but consecutively to all other counts. (*Id.*)  Pancholi has appealed. (ECF No. 124.)

The matter currently is before the Court on Pancholi's motions for bail pending appeal, filed pursuant to 18 U.S.C. § 3143. (ECF Nos. 133, 138.) The United States opposes Pancholi's request. (ECF No. 137.) For the reasons set forth below, the Court denies the motions.

Section 3143 imposes a presumption that a convicted defendant, such as Pancholi, will be detained pending appeal. 18 U.S.C. § 3143(a); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). The presumption can be overcome if the court finds the following:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). If the presumption is overcome, the court must order a defendant released "in accordance with [18 U.S.C. §] 3142(b) or (c) . . . except that in the circumstance described in subparagraph (B)(iv) of [§ 3143(b)], the judicial

officer shall order the detention terminated at the expiration of the likely reduced sentence." *Id*.

Pancholi maintains that he does not pose a risk of flight or danger to the community, is not moving for bond for purpose of delay, and has substantial questions of law or fact likely to result in reversal. Specifically, as to the last factor, Pancholi raises the Court's decisions to deny his requests to call Lenna Shah as a trial witness after the United States and defense had rested, for his counsel to withdraw in the middle of trial due to an alleged breakdown in the attorney-client relationship, and for a mistrial due to that alleged breakdown, in addition to the exclusion of Pancholi from a conference to discuss defense counsel's medical condition and competency. The United States asserts that, if released on bond, Pancholi poses a risk of flight and a danger to the safety of other individuals. The United States also argues that he does not raise any substantial question of law or fact likely to result in reversal, an order for new trial, or a non-custodial sentence.

The Court continues to find, by clear and convincing evidence, that Pancholi poses a risk of flight and danger to witnesses and others in the community. As the Court previously reasoned, Pancholi transferred substantial sums of money abroad, outside the jurisdiction of the United States, which provides him with a means and motive to flee. The length of Pancholi's sentence and the fact that he likely will be

removed from the United States after serving his sentence also are relevant in finding that he poses a risk of flight. Pancholi already has shown a willingness to exploit and threaten witnesses, many of whom are very vulnerable individuals.

Pancholi also fails to satisfy the "substantial question" requirement for bond. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Sutherlin*, 84 F. App'x 630, 631 (6th Cir. 2003) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985)). The issues identified by Pancholi in his motions do not raise such questions.

Accordingly,

**IT IS ORDERED** that Defendant's motions for bond pending appeal (ECF Nos. 133, 138) are **DENIED**.

Date: March 4, 2025               s/LINDA V. PARKER
                                  UNITED STATES DISTRICT JUDGE